UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

LUQMAN   STROUD   and   TINAHYAH
MUALLIUMS,

                                  Plaintiff,

                  -against-

CITY OF NEW YORK; Police Officer ALISA
BAJRAKTAREVIC, Shield No. 1157; and JOHN
and JANE DOE 1 through 10, individually and in
their official capacities (the names John and Jane
Doe being fictitious, as the true names are presently
unknown),

                                 Defendants.

------------------------------------------------------------------ x

**COMPLAINT**

15 CV 2636

Jury Trial Demanded

## **NATURE OF THE ACTION**

1.     This is an action to recover money damages arising out of the violation of plaintiffs' rights under the Constitution.

## **JURISDICTION AND VENUE**

2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3.     The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5.      Plaintiffs demand a trial by jury in this action.

## PARTIES

6.      Plaintiff Luqman Stroud ("Mr. Stroud") is a resident of Kings County in the City and State of New York.

7.      Plaintiff Tinahyah Mualliums ("Ms. Mualliums") is a resident of Kings County in the City and State of New York.

8.      Defendant City of New York is a municipal corporation organized under the laws of the State of New York.  It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

9.      Defendant Police Officer Alisa Bajraktarevic, Shield No. 1157 ("Bajraktarevic"), at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Bajraktarevic is sued in her individual and official capacities.

10.     At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD.  Plaintiffs do not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

11.     At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD.  Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

12.     At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

13.     At approximately 11:00 p.m. on November 13, 2014, plaintiffs were lawfully retrieving Ms. Muallium's keys from her car in front of plaintiffs' home on Dewitt Avenue in Brooklyn, New York.

14.     Without probable cause or reasonable suspicion to believe they had committed any crime or offense, defendants approached Mr. Stroud and Ms. Muallium and asked what plaintiffs were doing.

15.     Mr. Stroud and Ms. Muallium fully cooperated with the officers, explaining that they were retrieving Ms. Muallium's car keys.

16.     Defendants threatened to shoot Mr. Stroud.

17.     Several police cars arrived on the scene.

18.     Defendants kept Ms. Muallium and Mr. Stroud outside in the cold for an extended period of time, all while Ms. Muallium was wearing her robe and slippers.

19.     Eventually, Mr. Stroud and Ms. Mualliums were issued summonses for disorderly conduct.

20.     On January 22, 2015, the Kings County Criminal Court informed Mr. Stroud via a letter that defendants had not pursued the case and that Mr. Stroud did not need to return to court.

21.     That same day, Ms. Mualliums's charges were adjourned in contemplation of dismissal.

22.     Plaintiffs suffered damage as a result of defendants' actions.  Plaintiffs were deprived of their liberty, suffered emotional distress, mental anguish, fear, anxiety, embarrassment, humiliation, and damage to their reputations.

## FIRST CLAIM
### False Arrest

23.     Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

24.     Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiffs without probable cause.

25.      As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## SECOND CLAIM
### Failure To Intervene

26.     Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

27.     Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

28.     Accordingly, the defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

29.     As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## THIRD CLAIM
### *Monell*

30.     Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

31.     The City's police officers issue disorderly conduct summonses in a racially discriminatory manner.

32.     As a result of this practice, minority citizens are routinely issues summonses in the absence of probable cause.

33.    This practice was the moving force behind the constitutional injuries suffered by the plaintiffs herein.

34.    As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiffs respectfully request judgment against defendants as follows:

(a)  Compensatory damages against all defendants, jointly and severally;

(b)  Punitive damages against the individual defendants, jointly and severally;

(c)  Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d)  Such other and further relief as this Court deems just and proper.

Dated:      May 7, 2015
            New York, New York

HARVIS WRIGHT & FETT LLP

_____
Gabriel Harvis
305 Broadway, 14th Floor
New York, New York 10007
(212) 323-6880
gharvis@hwf.nyc

*Attorneys for plaintiffs*